United States District Court
Southern District of Texas

**ENTERED**

April 23, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **EDWARD GANTT,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | CIVIL ACTION NO. 4:25-cv-2537 |
| | § | |
| **TEXAS SOUTHERN** | § | |
| **UNIVERSITY,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Defendants Texas Southern University ("TSU"), John Pittman, Paula Stapleton, Cynthia Buckley, Lashonda Hurst, Texas Southern University Board of Regents, and Office of the President's (collectively, "Defendants") Motion to Dismiss (ECF No. 12). Based on a review of the motion, arguments, and relevant law, the Court **RECOMMENDS** Defendants' motion (*id.*) be **GRANTED**.

### I.    Background

Plaintiff describes this action as an employment discrimination case. (ECF No. 1 at ¶ 1). Plaintiff alleges he is a 63-year-old African American male who was discriminated against by Texas Southern University based upon his

---

[1] This case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 8).

age. (*Id.*).  Plaintiff adds he was subjected to a hostile work environment based upon "these protected classes" and retaliated against in the form of wrongful discharge.  (*Id.*).

On June 2, 2025, Plaintiff filed his complaint against Defendants, bringing a claim under the Age Discrimination in Employment Act ("ADEA"), a hostile work environment claim under the ADEA and Texas Commission on Human Rights Act ("TCHRA"), and a "wrong termination" claim pursuant to the ADEA and TCHRA.  (*Id.* at ¶¶ 4, 25–29).  As noted above, Plaintiff names TSU, the TSU Board of Regents, and the Office of the President as Defendants. (*Id.* at ¶ 4).  Plaintiff also names "John Pittman, Interim VP for Business and Finance," "Paula Stapleton, Associate VP/Controller," "Cynthia Buckley, VP Human Resources," and "Lashonda Hurst, Human Resources Employee Relations."  (*Id.*).

On September 9, 2025, Defendants filed the instant Motion to Dismiss. (ECF No. 12).

## II.    Legal Standard

A motion to dismiss made pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) allows a party to challenge the exercise of the Court's subject matter jurisdiction.  FED. R. CIV. P. 12(b)(1).  Whether a federal court has jurisdiction must "be established as a threshold matter" and "is inflexible and

without exception." *Webb v. Davis*, 940 F.3d 892, 896 (5th Cir. 2019). The party asserting jurisdiction bears the burden of proof for a 12(b)(1) motion to dismiss. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The Court generally will accept all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to Plaintiff. *See Kumar v. Frisco Indep. Sch. Dist.*, 443 F. Supp. 3d 771, 777–78 (E.D. Tex. 2020). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161.

## III.  Discussion

Defendants argue Plaintiff's claims should be dismissed with prejudice because he fails to plead a valid waiver of sovereign immunity.[2]  (ECF No. 12 at 2).  Plaintiff disagrees and appears to argue that Defendants waived their sovereign immunity because TSU has implemented certain statements and policies.  (ECF No. 17 at 7).

"The Eleventh Amendment bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." *Perez v. Region 20 Educ.*

---

[2] Defendants also argue Plaintiff's lawsuit should be dismissed for insufficient service of process (ECF No. 12 at 3) and for failure to state a claim upon which relief may be granted (*id.* at 7).  However, because the Court dismisses Plaintiff's case on other grounds, it need not reach these arguments.

*Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). "Under Texas law, state universities, including Texas Southern University, are agencies of the State and enjoy sovereign immunity." *Jackson v. Tex. S. Univ.*, 997 F. Supp. 2d 613, 623 (S.D. Tex. 2014) (internal quotations omitted). Divisions of TSU, such as the TSU Board of Regents and Office of the President, are also entitled to sovereign immunity. *See Students for Justice in Palestine, at Univ. of Hou. v. Abbott*, 756 F. Supp. 3d 410, 418 (W.D. Tex. 2024) ("At the outset, . . . the UT Austin Board of Regents itself are not state officers, and therefore not subject to the *Ex parte Young* exception. Claims against these Defendants are by barred by sovereign immunity.") (citing *Doe v. Harrell*, 841 F. App'x 663, 667 (5th Cir. 2021); *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 n.2 (5th Cir. 2016)); *see also Doe v. Harrell*, 841 F. App'x 663, 668 (5th Cir. 2021) ("The Board itself is immune from *all* of Doe's claims: absent waiver or abrogation (neither of which are at issue here), only state officials—not state agencies—can be prospectively enjoined consistent with state sovereign immunity." (emphasis in original)).

Turning to the four TSU employees, a suit against an employee in his or her official capacity is a suit against the entity of which the official is an agent. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). However, an "exception" to immunity exists for suits seeking prospective injunctive relief

against state employees in their official capacities.  Under *Ex parte Young*, 209 U.S. 123 (1908), the exception applies only if a suit alleging violations of federal law is "brought against individual persons in their official capacities as agents of the state, and the relief sought [is] declaratory or injunctive in nature and prospective in effect."  *Aguilar v. Tex. Dep't of Crim. Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998).  Stated another way, "[a] state's sovereign immunity bars suits for monetary damages against state officers in their official capacities." *Jackson*, 997 F. Supp. 2d at 623.  Because Plaintiff has named four TSU employees in their official capacity (ECF No. 1 at 3) and only seeks monetary damages (*id.* at 12–13), the four TSU employees are entitled to sovereign immunity.  *See Allen v. Benson*, 691 F. Supp. 3d 746, 756 (E.D. Tex. 2023) ("Plaintiff brings her claims against the Individual Defendants in their official capacity and, as such, the Individual Defendants are entitled to Eleventh Amendment sovereign immunity because a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.") (internal quotations omitted).

Further, there is no waiver or abrogation of sovereign immunity in this case.  Regarding Plaintiff's claims under the ADEA, "neither Congress nor Texas have waived Texas's sovereign immunity from ADEA claims."  *Chhim*, 836 F.3d at 469; *see Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 91 (2000)

("[I]n the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals."). Similarly, turning to Plaintiff's claims under the TCHRA, "[a]n age-discrimination claim under the TCHRA against the State or a state agency in federal court is barred by sovereign immunity." *Jackson*, 997 F. Supp. 2d at 624 (citing *Hernandez v. Tex. Dep't of Human Servs.*, 91 F. App'x 934, 935 (5th Cir. 2004)). Thus, as TSU is a state agency, the TSU Board of Regents and Office of the President are divisions of TSU, and the four TSU employees are agents of TSU, Defendants are collectively entitled to the state's sovereign immunity. *See id.*

As such, the Court recommends Plaintiff's claims against Defendants be dismissed without prejudice for lack of subject matter jurisdiction. *See Sanders v. Tex. A&M Univ. Texarkana*, No. 5:21-cv-93, 2022 WL 4594218, at *5 (E.D. Tex. Aug. 23, 2022), *report and recommendation adopted*, No. 5:21-cv-093, 2022 WL 4594240 (E.D. Tex. Sep. 29, 2022) (noting that sovereign-immunity-based dismissals are without prejudice).

## IV.   Leave to Amend

"[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner which will avoid dismissal." *Great Plains Tr. Co.*

*v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Here, "any additional opportunity [to amend] would be futile given the Court's lack of subject matter jurisdiction. *See Griffin v. Furlow*, No. 5:23-cv-016, 2023 WL 3604735, at *4 (N.D. Tex. Apr. 26, 2023), *report and recommendation adopted*, No. 5:23-cv-016, 2023 WL 3611448 (N.D. Tex. May 23, 2023) (collecting cases). As such, the Court recommends Plaintiff not be given leave to amend.

## V.     Conclusion

Based on the foregoing, the Court **RECOMMENDS** Defendants' Motion to Dismiss (ECF No. 12) be **GRANTED** and Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on April 23, 2026.

Richard W. Bennett
United States Magistrate Judge

7