United States District Court
Southern District of Texas

**ENTERED**
June 02, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| EDWARD GANTT, | § | CIVIL ACTION NUMBER |
| Plaintiff, | § | 4:25-cv-02537 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| TEXAS SOUTHERN | § | |
| UNIVERSITY, *et al*, | § | |
| Defendants. | § | |

**ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION**

Plaintiff Edward Gantt proceeds here *pro se*. He brings claims against Defendant Texas Southern University and various of its employees for age discrimination, hostile work environment, and wrongful termination pursuant to the Age Discrimination in Employment Act and the Texas Commission on Human Rights Act. See Dkt 1 at ¶¶25–29. The matter was referred for disposition to Magistrate Judge Richard W. Bennett. See Dkt 8.

Defendants brought a motion to dismiss for improper service, lack of subject-matter jurisdiction, and failure to state a claim. Dkt 12. They specifically contend that Plaintiff failed to effectuate proper service, that his claims are barred by sovereign immunity, and that he otherwise fails to bring a plausible claim for relief. See id at 3–8.

Judge Bennett entered a Memorandum and Recommendation recommending that the motion be granted as to subject-matter jurisdiction and that Plaintiff be denied leave to amend given futility of further amendment. See Dkt 24 at 3–7. He thus also recommended that this action be dismissed without prejudice. See id at 7.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc*); see also FRCP 72(b) advisory committee note (1983).

Plaintiff filed objections. See Dkt 25. He specifically contends that the Magistrate Judge failed to apply the Supreme Court's decision in *Ex Parte Young*, 209 US 123 (1908), that he should have been granted leave to amend, and that he has otherwise adequately alleged age discrimination. See id at 2–4.

On *de novo* review and determination, the objections lack merit. The Magistrate Judge thoroughly and correctly determined that sovereign immunity bars Plaintiff's claims. He specifically determined that *Ex Parte Young* does not apply because Plaintiff brings claims solely for monetary damages against state employees in their official capacity. See Dkt 24 at 4–5. This is correct, as the relief requested in the complaint is strictly monetary in nature. See Dkt 1 at 12–13.

The Magistrate Judge also correctly determined that there is no waiver or abrogation of sovereign immunity as to claims under the ADEA or TCHRA. See Dkt 24 at 5–6. And he correctly concluded that any further attempt at repleading would be futile given the lack of subject-matter jurisdiction. See id at 6–7. Plaintiff's contention that he has adequately alleged a claim for age discrimination has no bearing on this defect.

The objections by Plaintiff Edward Gantt to the Memorandum and Recommendation of the Magistrate Judge are OVERRULED. Dkt 25.

To the extent that Plaintiff there seeks leave to amend his complaint, such request is DENIED.

No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 24.

The motion by Defendants to dismiss is GRANTED. Dkt 12.

This action is DISMISSED WITHOUT PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on ____June 01, 2026____, at Houston, Texas.


_____
Honorable Charles Eskridge
United States District Judge

3